**Bernard R. KUMMER, Plaintiff,**

v.

**Arthur BONAREK et al., Defendants.**

**No. 72 C 1180.**

United States District Court,
N. D. Illinois, E. D.

Nov. 17, 1972.

Edward V. Hanrahan, State's Atty., Chicago, Ill., for defendants.

David S. Cohen, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to strike and dismiss the complaint.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. The plaintiff is Bernard R. Kummer who resides in Cook County, Illinois. The defendants are Arthur Bonarek, Ronald Russell and John Doe Lobes who are all employed as peace officers by the Sheriff of the County of Cook, State of Illinois.

The plaintiff alleges two causes of action. First that on or about May 14, 1971 the defendants, while acting under color of law as peace officers of the Cook County Sheriff's Office, for no apparent reason arrested or caused to be arrested the plaintiff. Further the plaintiff alleges that because of his dress, length of hair, and age, the defendants used unreasonable and unnecessary force to restrain him which resulted in severe injury to the plaintiff. Second, that after this alleged administration of summary punishment, the defendants caused criminal charges to be instituted against him and that such charges were made recklessly, without probable cause, and for the purpose of denying plaintiff equal protection of the law. In each Count, the plaintiff seeks damages in the sum of $100,000 against the defendants jointly and severally plus the cost of maintaining this action.

The defendants in support of their motion to strike and dismiss the complaint contend:

1. That the complaint does not allege sufficient facts to constitute a cause of action against the defendants on which relief can be granted.

2. That the plaintiff's claim is barred because he failed to serve proper notice to the County as required under Ill.Rev.Stat. ch. 85 § 8–102.

This Court is not persuaded by the defendants' arguments.

I. *The Plaintiff's Complaint Properly States a Cause of Action*

It is well settled that the requirements for a sufficient complaint under 42 U.S.C. § 1983 are that the defendants while acting under the color of

state or local law subjected the plaintiff to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. See Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961); Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). (The *Basista* case contained facts similar to the facts alleged in the case at bar, *i. e.* the unreasonable and illegal arrest, use of excessive force in performing official duties.).

■ In his complaint, plaintiff has alleged both that the defendants were acting under color of state law and that in so performing their duties they wrongfully deprived him of his constitutional rights. Therefore the complaint does properly state a cause of action upon which relief could be granted.

II. *The Plaintiff has Complied with Chapter 85 Section 8–102 of the Illinois Revised Statutes*

■ Chapter 85 Section 8–102 of the Illinois Revised Statutes provides:

"Within 6 months from the date that the injury or cause of action referred to in Sections 8–102 and 8–103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the gen-

eral nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

The alleged "injury" occurred on or about May 14, 1971. The plaintiff on November 2, 1971 within the statutory 6 month period, served requisite notice on the Cook County Clerk.** Therefore the plaintiff has complied with the requirements of Ill.Rev.Stat. ch. 85 § 8–102.

Thus the complaint properly states a cause of action and the plaintiff's claim is not barred by Ill.Rev.Stat. ch. 85 § 8–102.

Accordingly, it is hereby ordered that the Defendants' Motion to Dismiss and Strike the Complaint is denied.

---

** Plaintiff has submitted to this Court a copy of a letter which he served on the Clerk of Cook County which was date

stamped by the Comptroller and Clerk of the County as of November 2, 1971.